Kenneth L. Neeley, 025899
Christopher J. Dutkiewicz, 024962
Dane C. Paulsen, 029225
Nicholas T. VanVleet, 026933
**NEELEY LAW FIRM, PLC**
2250 E. Germann Rd., Ste. 11
Chandler, Arizona 85286
Tel: 480.802.4647 | Fax: 480.907.1648
ECF@neeleylaw.com

*Attorneys for Debtors*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

In re:

Michael L. Merryman
Shoenita M. Merryman,

Debtors.

Chapter 13
Case No.: 2:17-bk-06478-SHG

**STIPULATED ORDER CONFIRMING THE ORIGINAL CHAPTER 13 PLAN**

This Original Chapter 13 Plan having been properly noticed out to creditors and all objections having been resolved,

**IT IS ORDERED** Confirming the Original Chapter 13 Plan of Debtors as follows:

**(A) INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amounts of future income to the Trustee for distribution under the Plan.

(1) <u>Future Earnings or Income</u>. Debtors shall make the following monthly Plan payments:

| <u>Months</u> | <u>Payments</u> |
|---|---|
| 1 - 60 | $2,300.00 |

The payments are due on or before the 8th day of each month starting July 8, 2017. Debtors are advised that when payments are remitted late, additional interest may accrue, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the Plan is deemed completed.

The Debtors shall provide, directly to the Trustee, complete copies of their **federal** and **state** income tax returns for every year during the duration of your Chapter 13 Plan within 30 days of filing them. The purpose is to assist the Trustee in determining any change in Debtors' annual disposable income.

(2) Other Property: None. In the event that other property is submitted, it shall be treated as supplemental payments.

(B) **DURATION**. This Plan shall continue for **60 months** from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate. In no event will the term of the Plan be reduced to less than 60 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(C) **CLASSIFICATION AND TREATMENT OF CLAIMS**. Claims shall be classified as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. This Order does not allow claims. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay secured creditors or allowed claims in the following order:

(1) Administrative Expenses.

(a) Attorney Fees: Neeley Law Firm, PLC shall be allowed total fees in the amount of $4,500.00. Counsel received $690.00 prior to filing this case and counsel will be paid $3,810.00 through the Chapter 13 Plan by the Chapter 13 Trustee. All services listed in paragraph (F)(1), except for adversary proceedings, are included in the flat fee amount.

(b) Other Administrative Expenses. None.

(2) Claims Secured by Real Property. None.

(3) Claims Secured by Personal Property.

(a) U.S. Bank National Association, secured by a lien in a 2012 Jeep Grand Cherokee, shall be paid a secured claim of $11,879.71 with 5.50% interest. The creditor will receive adequate protection payments of $150.00 per month.

(4) Unsecured Priority Claims:

(a) Internal Revenue Service will be paid an unsecured priority claim of $9,861.18 with no interest for tax year 2016.

(5) Executory Contracts: None.

*In re: Merryman*
*Case No.: 17-06478*
Page 2 of 5

Case 2:17-bk-06478-SHG    Doc 29    Filed 01/26/18    Entered 01/26/18 15:37:57    Desc
Main Document    Page 2 of 5

(6) <u>Surrendered Property</u>: Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtors surrender the following property: None.

(7) <u>Other Provisions</u>. None

(8) <u>Unsecured Non-Priority Claims</u>. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. Allowed unsecured claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. § 1328.

**(D) EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtors upon confirmation, subject to the rights of the Trustee to assert a claim to any additional property of the estate pursuant to 11 U.S.C. § 1306.

---

ORDER SIGNED ABOVE

---

Approved as to Form and Content By:

_____
Edward J. Maney
*Chapter 13 Trustee*


_____
Kenneth L. Neeley
*Attorney for the Debtors*


_____
Leonard J. McDonald
*Attorney for U.S. Bank National Association*

The Debtors certify: All required State and Federal income tax returns have been filed. No domestic support obligation is owed, or, if owed, such payments are current since the filing of the Petition.

*/s/ Michael L. Merryman*
Michael L. Merryman
*Debtor*

*/s/ Shoenita M. Merryman*
Shoenita M. Merryman
*Debtor*